FILED BY AP D.C.
Mar 15, 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 15, 2019

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 18-11569-AA
Case Style: Aurora Loan Services, LLC v. Lorenzo Allen
District Court Docket No: 0:16-cv-61085-JAL

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

**UNITED STATES COURT OF APPEALS**
**For the Eleventh Circuit**

---

No. 18-11569

---

District Court Docket No.
0:16-cv-61085-JAL

AURORA LOAN SERVICES, LLC,

Plaintiff - Appellant,

versus

LORENZO ALLEN,

Defendant - Appellee.

---

Appeal from the United States District Court for the
Southern District of Florida

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: February 14, 2019
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna Clark

ISSUED AS MANDATE 03/15/2019

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 18-11569
Non-Argument Calendar

---

D.C. Docket No. 0:16-cv-61085-JAL

AURORA LOAN SERVICES, LLC,

Plaintiff - Appellant,

versus

LORENZO ALLEN,

Defendant - Appellee.

---

Appeal from the United States District Court
for the Southern District of Florida

---

(February 14, 2019)

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Nationstar Mortgage LLC[1] appeals the dismissal for lack of prosecution of its foreclosure action against Defendant-Appellee Lorenzo Allen, which Allen purported to remove to federal district court in May 2016 despite the entry of final judgment in state court in 2013. Holding that removal was improper, we vacate and remand.

**I.**

Nationstar obtained a final foreclosure judgment against Allen in Florida state court in January 2013. A judicial foreclosure sale was held in June 2013, and Nationstar purchased the property. A few days after the foreclosure sale, Allen filed a motion to vacate the judgment and set aside the foreclosure sale, which the court denied. Allen appealed the final judgment and the order denying the motion to vacate to the Florida Fourth District Court of Appeal ("Fourth DCA"), which affirmed in November 2014. The mandate issued in December 2014, and it does not appear that Allen sought further review from the Florida Supreme Court.

On April 25, 2016, Nationstar filed a motion to direct the clerk to issue certificate of title in accordance with the June 2013 foreclosure sale. About a month later, Allen filed a notice of removal, which was entered on the state court's docket on May 23. Then, on July 27, the trial court granted Nationstar's motion.

---

[1] Nationstar advises that, while the case caption names Aurora Loan Services, LLC, as plaintiff, Nationstar was substituted as party plaintiff in the state-court action in November 2012.

Allen appealed that order on August 19, and the Fourth DCA *sua sponte* stayed the appeal in September pending a decision in federal district court. In early October, Nationstar filed a confession of error with the Fourth DCA, stating that the state trial court lacked jurisdiction from the time of removal until the federal district court entered a remand order. The Fourth DCA reversed and remanded, and the trial court vacated the order on December 6.

Meanwhile, in federal court, Nationstar, which had not filed an appearance, missed a deadline to file a joint scheduling report and another document. So the district court entered a show-cause order directing it to file the required documents within seven days or the case would be dismissed for want of prosecution. When that deadline came and went with no action by Nationstar, the court dismissed the case without prejudice on August 10.

Counsel appeared on Nationstar's behalf on November 2 and filed a motion to reopen the case and remand to state court. Denying the motion, the district court found that diversity jurisdiction existed and that the defects in removal identified by Nationstar were not jurisdictional. The court acknowledged that "the Plaintiff has spent eight years litigating this foreclosure action in state court and would like to return there," but it found that Nationstar could have filed a motion to remand and neglected to do so, and its "current quandary is entirely of its own making." The court further noted that "Plaintiff has yet to acknowledge, much less explain

why, it failed to comply with the Court's Beginning Order and Order to Show Cause."

Nationstar moved for reconsideration, arguing for the first time that subject-matter jurisdiction was lacking because there was no pending state-court action to remove. Nationstar further asserted that the *Rooker-Feldman* doctrine barred the action, since Allen indicated in the notice of removal that he sought to challenge the Florida state foreclosure scheme and Nationstar's legal right to foreclose. Finally, Nationstar contended that it had good cause for failing to comply with the court's orders, stating that it lacked notice because all records in the case had been sent to a prior attorney whose firm had dissolved.

Without addressing the jurisdictional arguments, the district court refused to grant relief. The court found that Nationstar had notice because other attorneys—Albertelli Law and Akerman LLP—were listed as counsel of record in the state case at the time of removal, the state docket reflected an entry for Allen's notice of removal, and Allen indicated that he emailed the notice to Albertelli on May 23, 2016. Finding no good reason for Nationstar's failure to respond to court orders, the court denied the motion to reopen. Nationstar now appeals.

**II.**

We review a decision to dismiss for lack of prosecution for an abuse of discretion. *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986).

"Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). We may consider jurisdictional issues at any time during litigation, and we review those issues *de novo*. *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013).

**III.**

In this case, Allen purported to remove Nationstar's foreclosure action more than three years after a state court entered final judgment in the case.[2] And the district court appears to have treated that removal as effective, noting in an order that the "Plaintiff has spent eight years litigating this foreclosure action in state court and would like to return there." Nationstar now raises the jurisdictional issue of whether a case can be removed to federal court after the case has completely concluded before the state court. We hold that it cannot under the circumstances of this case.

[2] Allen's notice of removal was clearly untimely, but "the timeliness of removal is a procedural defect—not a jurisdictional one." *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010). And Nationstar failed to file a timely motion to remand, so the district court was not permitted to remand *sua sponte* on that basis.

This Court has, in limited circumstances, allowed post-judgment removal.[3] *See Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 198–99 (11th Cir. 1991) (involving financial institution receiver cases); *see also Resolution Trust Corp. v. Bakker*, 51 F.3d 242, 244–46 (11th Cir. 1995). According to *Jackson*,

> when a case removed to a federal court has in it at the time of removal an order or judgment of the state trial judge which, had it been entered by a district judge, would be appealable to this court, it shall be incumbent on the party seeking an appeal first to move that the district judge modify or vacate the order or judgment.

924 F.2d at 199. "Under *Jackson*, the exclusive procedure parties must follow upon the removal of a state appeal is the filing of a timely Rule 59(e) motion." *Bakery Centre Assocs. v. Orientations Gallery, Inc.*, 54 F.3d 688, 689 (11th Cir. 1995). Federal courts cannot review a state judgment absent a timely Rule 59 motion. *Id.*; *Bakker*, 51 F.3d at 246.

While this case law does not add much to the jurisdictional analysis, it does suggest that the district court erred in dismissing the case for lack of prosecution by Nationstar. Assuming the final judgment was properly removed, the burden to act was not on Nationstar. Rather, as the party seeking removal, it was incumbent on Allen "first to move that the district judge modify or vacate the order or

[3] Because it is not material to our decision, we assume without deciding that our case law regarding post-judgment removal is not strictly limited to the context of financial-institution-receiver cases. *See Resolution Trust Corp. v. Bakker*, 51 F.3d 242, 244 (11th Cir. 1995) ("In *Jackson*, this Court set forth the procedure to be followed in financial institution receiver cases that are removed to federal court after there has been a judgment entered in state court.").

judgment." *Jackson*, 924 F.2d at 199; *see Bakker*, 51 F.3d at 246. Because the court's decision to dismiss for lack of prosecution appears to have been influenced by a mistake of law, we vacate that ruling. *See Betty K*, 432 F.3d at 1337.

We do not remand for the court to analyze this case under *Jackson*'s procedures, however, because we do not believe that the final judgment was actually before the court. In *Jackson*, we recognized that "where a party's opportunities for relief from the state court judgment are exhausted, either because the time for relief by motion or appeal has run, leave to appeal has been denied, or the state's highest court has rendered a judgment[,] . . . removal itself may be improper." *Jackson*, 924 F.2d at 198 n.8. Several of sister circuits agree that removal is improper and ineffective to vest jurisdiction in the district court after a truly final state judgment. *See, e.g.*, *Oviedo v. Hallbauer*, 655 F.3d 419, 423–24 (5th Cir. 2011) ("Removal is simply not possible after a final judgment and the time for direct appellate review has run."); *Ohio v. Doe*, 433 F.3d 502, 507 (6th Cir. 2006) ("We agree with the reasoning of our sister circuits in ruling that when all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized."); *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988) ("[I]t would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation."); *Ristuccia v. Adams*, 406 F.2d 1257, 1258

(9th Cir. 1969) ("It would seem obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court.").

We find the reasoning of our sister circuits persuasive and hold that, insofar as Allen attempted to remove the foreclosure action and final judgment, there was no state-court action pending at the time to remove, inasmuch as nothing remained for the state courts to do but execute the judgment. *See Oviedo*, 655 F.3d at 425 ("[N]o case remains pending in the state court to 'remove' once the case is final for purposes of direct review in the state court system."). The 2013 final judgment was affirmed on appeal in November 2014, the mandate issued in December 2014, and the time to seek review from the Florida Supreme Court has long since passed. Because Allen's "opportunities for relief from the state court judgment are exhausted," *Jackson*, 924 F.2d at 198 n.8, removal was improper and did not vest jurisdiction over the underlying case in the United States District Court for the Southern District of Florida, *see Oviedo*, 655 F.3d at 425–26.

Left unresolved is the question of whether Allen intended to or could have removed Nationstar's post-judgment motion to issue certificate of title in accordance with the final judgment and foreclosure sale—which, we note, had no bearing on the finality of the underlying judgment. This motion was the only matter pending in state court at the time of removal in May 2016. We express no opinion on these matters and leave them for the district court to address, as

appropriate, on remand.[4] *Cf. Ohio*, 433 F.3d at 506–07; *Oviedo*, 655 F.3d at 424 n.5.

Although we agree with Nationstar that the district court lacked subject-matter jurisdiction over the underlying foreclosure action, and we understand Nationstar's frustration with Allen's dilatory actions in this case, we also see no fault in the court's observation that the complications of this case could easily have been avoided had Nationstar promptly responded to the notice of removal. While Nationstar asserts that it lacked notice of removal, nothing in the record convinces us that the district court made a mistake in finding that it did.[5]

For the reasons stated, we vacate the decision to dismiss for lack of prosecution and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED**.

---

[4] To the extent the motion to issue certificate of title could have been removed on its own, a dismissal without prejudice does not appear as though it would preclude Nationstar from simply filing a new motion in state court. *See Preston v. Allstate Ins. Co.*, 627 So.2d 1322, 1324 (Fla. Dist. Ct. App. 1993) ("Once the federal court dismissed the case without prejudice, the plaintiffs were free (among other things) to file another lawsuit in state or federal court.").

[5] Nor did Nationstar act promptly even after it clearly had notice, waiting nearly a month after filing its confession of error with the Fourth District—in which it referenced the notice of removal and federal case—to make an appearance in federal court.

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 14, 2019

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-11569-AA
Case Style: Aurora Loan Services, LLC v. Lorenzo Allen
District Court Docket No: 0:16-cv-61085-JAL

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellee.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call T. L. Searcy, AA at (404) 335-6180.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs