**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 16-61085-CIV-LENARD/GOODMAN

**AURORA LOAN SERVICES, LLC,**

Plaintiff,

**v.**

**LORENZO ALLEN,**

Defendant.
________________________________________/

**ORDER ON REMAND**

**THIS CAUSE** is before the Court on remand from the Eleventh Circuit Court of Appeals. (See Mandate, D.E. 32.) First, the Eleventh Circuit vacated the Court's Order dismissing the case for lack of prosecution, finding that it was premised upon a mistake of law. (Id. at 6-7.) Next, it held that insofar as pro se Defendant Lorenzo Allen attempted to remove the state-court foreclosure action and final judgment, this Court lacked subject-matter jurisdiction because "there was no state-court action pending at the time to remove, inasmuch as nothing remained for the state courts to do but execute the judgment." (Id. at 8-9.) The only matter pending before the state court at the time of removal in May 2016 was Plaintiff Nationstar Mortgage LLC's[1] Motion to Direct the Clerk to Issue Certificate of Title in accordance with the final judgment and foreclosure sale ("Motion"). (Id. at 8;

[1] According to the Eleventh Circuit's Mandate, "while the case caption names Aurora Loan Services, LLC, as plaintiff, Nationstar was substituted as party plaintiff in the state-court action in November 2012." (Mandate at 2 n.1; see also Motion to Substitute Party Plaintiff, D.E. 21-1.)

see also State Court Docket, D.E. 21-2 at 2.) The Eleventh Circuit remanded to this Court the issue of whether Defendant "intended to or could have" removed that Motion, "which . . . had no bearing on the finality of the underlying judgment." (Id. at 8-9.)

The Court finds that Defendant did not intend to remove the Motion, as the Notice of Removal does not mention the Motion, and the Motion is not included in the seventy-two pages of documents attached to the Notice of Removal. (See D.E. 1-2.) In fact, the Parties continued to litigate the Motion in state court after Defendant filed his Notice of Removal on May 20, 2016. (See State Court Docket, D.E. 21-2.) On July 26, 2016, the state court entered an order directing the clerk to issue the certificate of title, effectively granting Nationstar's Motion. (Id. at 2.) On August 15, 2016, the state court clerk issued the Certificate of Title. (Id.) It appears that Defendant has appealed the Order directing the Clerk to Issue the Certificate of Title to Florida's Fourth District Court of Appeals, and that appeal has been stayed pending the resolution of these federal proceedings. (Id.) The fact the Defendant continued to litigate the Motion in state court after he filed his Notice of Removal suggests that he did not intend to remove the Motion.

Indeed, the Notice of Removal clearly evinces that Defendant attempted to remove only the foreclosure action and the final judgment. In the Notice of Removal, Defendant seeks an injunction or stay of execution of the final judgment in the foreclosure action. (See D.E. 1 at 4-5, 6.) And the Notice of Removal explicitly states: "This Removal is dual purpose; first to remove the pending state case from state court and second, to challenge a statutory scheme which is ongoing and denying a legal right to fully defend a foreclosure case by challenging the legality and existence of ownership of the Note by a foreclosing

Plaintiff."[2] (D.E. 1 at 4-5.) However, the Eleventh Circuit held that there was no pending state court case to remove. (Mandate at 8.)

Because the Court finds that Defendant did not intend to remove the pending state court Motion, the Court need not decide whether Defendant could have removed the pending state court Motion.

Accordingly, it is **ORDERED AND ADJUDGED** that:

**1.** Pursuant to the Mandate of the Eleventh Circuit Court of Appeals, (D.E. 32), this case is **DISMISSED** without prejudice for lack of jurisdiction;

**2.** All pending Motions are **DENIED AS MOOT**; and

**3.** This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 25th day of March, 2019.

Joan A. Lenard

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

---

[2] Elsewhere in the Notice of Removal, Defendant explains that he intends to file a separate federal civil action challenging the constitutionality of Florida's foreclosure statutes. (See D.E. 1 at 3-4.) He states that he intends to consolidate this removal action with the yet-to-be-filed federal civil action. (Id. at 4, 5.) Defendant later filed a federal civil action that challenged his foreclosure proceedings under Regulation X, 12 C.F.R. 1024.41, and the Real Estate Settlement Procedures Act, but he did not challenge Florida's foreclosure statutes on federal constitutional grounds. See Allen v. Ocwen Loan Servicing, LLC, Case No. 17-60828-Civ-Martinez. Judge Martinez ultimately dismissed that case with prejudice after the Parties filed a Stipulation of Dismissal With Prejudice.