**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 16-61085-CIV-LENARD/GOODMAN

**AURORA LOAN SERVICES, LLC,**

Plaintiff,

**v.**

**LORENZO ALLEN,**

Defendant.
_______________________________________/

# FINAL ORDER ON REMAND

**THIS CAUSE** is before the Court on remand from the Eleventh Circuit Court of Appeals. (See Mandate, D.E. 32.) First, the Eleventh Circuit vacated the Court's Order dismissing the case for lack of prosecution, finding that it was premised upon a mistake of law. (Id. at 6-7.) Next, it held that insofar as pro se Defendant Lorenzo Allen attempted to remove the state-court foreclosure action and final judgment, this Court lacked subject-matter jurisdiction because "there was no state-court action pending at the time to remove, inasmuch as nothing remained for the state courts to do but execute the judgment." (Id. at 8-9.) The only matter pending before the state court at the time of removal in May 2016 was Plaintiff Nationstar Mortgage LLC's[1] Motion to Direct the Clerk to Issue Certificate of Title in accordance with the final judgment and foreclosure sale ("Motion"). (Id. at 8;

[1] According to the Eleventh Circuit's Mandate, "while the case caption names Aurora Loan Services, LLC, as plaintiff, Nationstar was substituted as party plaintiff in the state-court action in November 2012." (Mandate at 2 n.1; see also Motion to Substitute Party Plaintiff, D.E. 21-1.)

see also State Court Docket, D.E. 21-2 at 2.) The Eleventh Circuit remanded to this Court the issue of whether Defendant "intended to or could have" removed that Motion, "which . . . had no bearing on the finality of the underlying judgment." (Id. at 8-9.)

On December 23, 2019, the Court ordered the Parties to file memoranda of law addressing the issue on remand. (D.E. 42.) Defendant, proceeding pro se, filed his memorandum on January 30, 2010, ("Def.'s Memo.," D.E. 45), and Nationstar filed a responsive memorandum on February 5, 2020, ("Response," D.E. 46). Defendant did not file a Reply. Upon review of Defendant's Memorandum, Nationstar's Response, and the record, the Court finds as follows.

## I. Background

Nationstar obtained a final foreclosure judgment against Defendant in Florida state court in January 2013. See Aurora Loan Servs., LLC v. Allen, 762 F. App'x 625, 626 (11th Cir. 2019). Nationstar subsequently purchased the property at a judicial foreclosure sale. Id. A few days later, Defendant filed a motion to vacate the judgment and set aside the foreclosure sale, which the state court denied. Id. Defendant appealed the final judgment and the order denying the motion to vacate to the Florida Court of Appeals, which affirmed in November 2014. Id. The mandate issued in December 2014, and Defendant did not seek further review from the Florida Supreme Court. Id.

On April 25, 2016, Nationstar filed a motion to direct the clerk to issue certificate of title pursuant to the June 2013 foreclosure sale. Id. On May 20, 2016, Defendant removed the case to this Court. (See D.E. 1.) The Notice of Removal was entered on the state court docket May 23, 2016. Aurora Loan Servs., 762 F. App'x at 626.

On July 27, 2016, the state trial court granted Nationstar's motion to direct the clerk to issue certificate of title. Id. Defendant appealed that order and the Florida Court of Appeals sua sponte stayed the appeal pending a decision from this Court. Id. In October 2016, Nationstar filed a confession of error with the Florida Court of Appeals, stating that the state trial court lacked jurisdiction from the time of removal until this Court entered a remand order. Id. Accordingly, the Florida Court of Appeals reversed and remanded, and the state trial court vacated its order on December 6, 2016. Id.

Meanwhile, in this Court, Nationstar missed certain filing deadlines. (See D.E. 12.) As a result, the Court ordered Nationstar to file the required documents by a date certain or show cause why the case should not be dismissed for want of prosecution. (Id.) On August 10, 2016, after Nationstar failed to file the documents or otherwise respond to the Court's order, the Court dismissed the case without prejudice for want of prosecution and for non-compliance with the Court's orders. (D.E. 13.)

On November 2, 2016, Nationstar moved to reopen the case and remand to state court, arguing, inter alia, that this court lacked subject matter jurisdiction. (D.E. 15.) On February 14, 2017, the Court entered an Order finding that although removal would normally be prohibited by the "forum-defendant rule," Nationstar "waived this procedural defect by failing to file a motion to remand within the thirty (30) day time-frame allotted by 28 U.S.C. Section 1447." (D.E. 19 (citations omitted).) The Court continued:

> While the Court understands that the Plaintiff has spent eight years litigating this foreclosure action in state court and would like to return there, it had the ability to file a timely motion to remand and neglected to do so. Because the Court had jurisdiction to dismiss Plaintiff's claims for want of prosecution

> and failure to comply with court orders, Plaintiff's current quandary is entirely of its own making.

(Id.) The Court further noted that Nationstar still had not explained why it failed to comply with the Court's filing deadlines, and denied the Motion to Reopen. (Id.)

Nationstar filed a Motion for Reconsideration arguing, inter alia, that subject-matter jurisdiction was lacking because there was no pending state-court action to remove. (D.E. 21 at 5-6.) It further argued that it had good cause for failing to comply with the court's orders, stating that it lacked notice because all records in the case had been sent to a prior attorney whose firm had dissolved. (Id. at 9.) On March 14, 2018, the Court denied the Motion for Reconsideration. (D.E. 27.) Without addressing the jurisdictional arguments, the Court found that Nationstar had notice because other attorneys were listed as counsel of record in the state court case at the time of removal (including Albertelli Law), the state court docket reflected an entry for Defendant's notice of removal, and Defendant indicated that he emailed the notice to Albertelli Law on May 23, 2016. Finding no good reason for Nationstar's failure to respond to court orders, the court denied the motion. (Id.) Nationstar appealed. (D.E. 28.)

On February 14, 2019, the Eleventh Circuit vacated the Court's Order dismissing the case for lack of prosecution. Aurora Loan Servs., 762 F. App'x at 628. Specifically, it held that insofar as Defendant attempted to remove the state-court foreclosure action and final judgment, this Court lacked subject-matter jurisdiction because "there was no state-court action pending at the time to remove, inasmuch as nothing remained for the state courts to do but execute the judgment." Id. Because there was no case for Defendant to

remove, the Court erroneously dismissed the case for lack of prosecution by Nationstar. Id. The Eleventh Circuit observed that the only matter pending before the state court at the time of removal in May 2016 was Nationstar's Motion to Direct the Clerk to Issue Certificate of Title in accordance with the final judgment and foreclosure sale. See id. at 629. The Eleventh Circuit remanded to this Court the issue of whether Defendant "intended to or could have" removed that Motion, "which . . . had no bearing on the finality of the underlying judgment." Id.

On March 25, 2019, the Court entered an Order on Remand finding that Defendant did not intend to remove the Motion to Direct the Clerk to Issue Certificate of Title. (D.E. 33 at 2-3.) The Court further found that because "Defendant did not intend to remove the pending state court Motion, the Court need not decide whether Defendant could have removed the pending state court Motion." (Id. at 3.)

On November 12, 2019, Defendant filed a Motion to Re-open Case and Rule 60(b)(4) Motion to Vacate Void Order, or Alternatively, Motion for Clarification. (D.E. 34.) First, Defendant moved to vacate the Court's Order on Remand as void under Federal Rule of Civil Procedure 60(b)(4) because the Eleventh Circuit remanded for further proceedings consistent with its opinion, and there were no further proceedings before the Court entered its Order on Remand. (Mot. at 2-3; Reply at 1-2.) Second, Defendant sought clarification as to whether the Order on Remand is an order in response to the Eleventh Circuit's Opinion remanding the case to this Court, or whether it is an Order remanding the case to state court under the federal removal statute, 28 U.S.C. § 1447. (Id. at 2, 3-6.)

On December 23, 2019, the Court issued an Order granting the Motion insofar as it sought to vacate the Court's Order on Remand and reopen the case. (D.E. 42.) Therein, the Court ordered the Parties to file memoranda of law addressing the issue on remand, specifically: "whether [Defendant] intended to or could have removed Nationstar's post-judgment motion to issue certificate of title in accordance with the final judgment and foreclosure sale[.]" Aurora Loan Servs., LLC v. Allen, 762 F. App'x 625, 629 (11th Cir. 2019). The issue is now ripe for the Court's disposition.

## II. Discussion

Initially, the Court observes that Defendant does not explicitly argue that he intended to remove Nationstar's post-judgment Motion to Direct the Clerk to Issue Certificate of Title. (See Def.'s Memo. at 3-4.) The section of his Memorandum titled "Intended to Remove" states, in its entirety:

> It appears that the Court's determination that I "did not intend to remove the Motion", is based on me inadvertently omitting a copy of Plaintiff's April 25, 2016 motion. More importantly, the Court's determination appears to be also based on the Court's observation that the "Parties continue to litigate to [sic] Motion in state court after I, the Defendant filed my Notice of Removal on May 20, 2016.
>
> However, the only reason Defendant "continued to litigate the Motion in state court" is because Plaintiff (not Defendant), on April 25, 2016 filed the state court motion. Thus, Defendant had no choice but to respond to Plaintiff's inappropriate state court filing.
>
> Here, Defendant should not be punished for responding to an inappropriate state court filings [sic] initiated by Plaintiff. Had Defendant not responded to Plaintiff's motion, then the state may have unwittingly entered a state court order – prior to a remand entered by this court.

(Id.)

Nothing in this argument suggests that Defendant intended to remove Nationstar's Motion. In fact, by stating that he "had no choice but to respond to Plaintiff's inappropriate state court filing[,]" he appears to concede that he did not intend to remove it but rather that he felt obliged to litigate it in state court or risk an adverse ruling. (See id.)

Moreover, the Court rejects Defendant's argument that he "inadvertently" omitted a copy of Nationstar's Motion in his Notice of Removal. Generally, when determining whether removal is proper, a district court has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents.[2]" Lowery v. Ala. Power Co., 483 F.3d 1184, 1214 (11th Cir.

---

[2] In noting that the district court is limited to considering the removing documents, we do not mean to suggest that the court does not have discretion to hold a hearing on the motion to remand and allow the parties to be heard. Such a hearing would ordinarily be limited to arguments on the sufficiency of the removing documents, however.

Moreover, there are some exceptions to the rule that the court is limited to considering the removing documents. A defendant would be free to introduce evidence regarding damages arising from a source such as a contract provision whether or not the defendant received the contract from the plaintiff. In such situations, the underlying substantive law provides a rule that allows the court to determine the amount of damages. For example, in contract law, the default measure of damages is expectation damages; a court may look to the contract and determine what those damages would be. By contrast, "[w]here the law gives no rule, the demand of the plaintiff must furnish one." McNutt, 298 U.S. at 182, 56 S. Ct. at 782. When a plaintiff seeks unliquidated damages and does not make a specific demand, therefore, the factual information establishing the jurisdictional amount must come from the plaintiff.

Additionally, in some limited circumstances, a defendant may effectively amend a defective notice of removal upon receipt of additional evidence that supplements the earlier-filed notice. For example, such a situation might arise where, after filing an insufficient notice of removal but before remand is ordered, the defendant receives a paper from the plaintiff that would itself provide sufficient grounds for removal. See Cohn v. Petsmart, Inc., 281 F.3d 837, 839–40 n. 1 (9th Cir. 2002) (holding that the defendant effectively amended its insufficient notice of removal by later alleging, in its opposition to remand, that the plaintiff had offered settlement for an amount greater than the jurisdictional minimum) (citing

2007) (footnote in original, other footnote omitted). Here, the Notice of Removal does not even mention Nationstar's Motion, (see D.E. 1), and Nationstar's Motion is not included in the seventy-two pages of exhibits attached to the Notice of Removal, (see D.E. 1-2).

Indeed, the Notice of Removal clearly evinces that Defendant attempted to remove only the foreclosure action and the final judgment. In the Notice of Removal, Defendant seeks an injunction or stay of execution of the final judgment in the foreclosure action. (See D.E. 1 at 4-5, 6.) And the Notice of Removal explicitly states: "This Removal is dual purpose; first to remove the pending state case from state court and second, to challenge a statutory scheme which is ongoing and denying a legal right to fully defend a foreclosure case by challenging the legality and existence of ownership of the Note by a foreclosing Plaintiff."[3] (D.E. 1 at 4-5.) However, the Eleventh Circuit held that there was no pending state court case to remove. Aurora Loan Servs., 762 F. App'x at 627.

Defendant points to nothing else in the record that would indicate that he intended to remove Nationstar's Motion. Accordingly, the Court finds that Defendant did not intend to remove Nationstar's Motion.

---

Willingham v. Morgan, 395 U.S. 402, 407 n. 3, 89 S. Ct. 1813, 1816, 23 L. Ed. 2d 396 (1969)).

[3] Elsewhere in the Notice of Removal, Defendant explains that he intends to file a separate federal civil action challenging the constitutionality of Florida's foreclosure statutes. (See D.E. 1 at 3-4.) He states that he intends to consolidate this removal action with the yet-to-be-filed federal civil action. (Id. at 4, 5.) Defendant later filed a federal civil action that challenged his foreclosure proceedings under Regulation X, 12 C.F.R. 1024.41, and the Real Estate Settlement Procedures Act, but he did not challenge Florida's foreclosure statutes on federal constitutional grounds. See Allen v. Ocwen Loan Servicing, LLC, Case No. 17-60828-Civ-Martinez. Judge Martinez ultimately dismissed that case with prejudice after the Parties filed a Stipulation of Dismissal With Prejudice.

The Court further finds that Plaintiff could not have removed Nationstar's Motion even if he intended to. Although Defendant correctly notes that the Eleventh Circuit has, "in limited circumstances," allowed post-judgment removal, (Def.'s Memo. at 4), he cites no authority suggesting that a post-judgment motion for the issuance of a certificate of title is removable after all state court appellate remedies for setting aside the foreclosure sale have been exhausted.

Pursuant to 28 U.S.C. § 1441, only a "civil action" is removable to federal court. "The federal courts have generally construed the phrase ['civil action'] to require a suit separate from, and not ancillary to, a suit in state court." Jackson-Platts v. Gen. Elec. Capital Corp., 727 F.3d 1127, 1134 (11th Cir. 2013) (citing Travelers Prop. Cas. v. Good, 689 F.3d 714, 724 7th Cir. 2012) ("The statute has long been interpreted to allow removal only of 'independent suits' but not ancillary or 'supplementary' proceedings."); Ohio v. Doe, 433 F.3d 502, 506 (6th Cir. 2006) ("'[C]ivil action' has long been interpreted to require a separate suit that is not ancillary, incidental, or auxiliary to a suit in state court."); Armistead v. C & M Transp., Inc., 49 F.3d 43, 46 (1st Cir. 1995) ("[T]he supplementary superior court proceeding does not independently qualify as a removable 'civil action'. . . ."). "Whether litigation is properly characterized as an independent civil action 'under § 1441 is essentially a matter of federal law.'" Id. (quoting Butler v. Polk, 592 F.2d 1293, 1296 n.7 (5th Cir. 1979)).[4] "Under [Eleventh Circuit] settled precedent, actions are not

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

ancillary and are instead independent civil actions when they are 'in effect suits involving a new party litigating the existence of a new liability.'" Id. (quoting Butler, 592 F.2d at 1296).

Here, Nationstar's Motion does not involve new parties litigating the existence of new liability. Rather, it involves the same Parties (Nationstar and Allen) litigating the same issue (title to the at-issue property). Pursuant to Section 45.031, Florida Statutes, as part of the final judgment of foreclosure, the court must direct the clerk to sell the property. Fla. Stat. § 45.031(1)(a). The clerk conducts the sale and issues a certificate of sale to the highest bidder. Fla. Stat. § 45.031(3) & (4). "If no objections to the sale are filed within 10 days after filing the certificate of sale, the clerk shall file a certificate of title and serve a copy of it on each party . . . ." Fla. Stat. § 45.031(5). If there is an objection, the court must resolve it. "Florida case law is clear that the substance of an objection to a foreclosure sale under section 45.031(5) must be directed toward conduct that occurred at, or which related to, the foreclosure sale itself." IndyMac Fed. Bank FSB v. Hagan, 104 So. 3d 1232, 1236 (Fla. Dist. Ct. App. 2012).

Nationstar asserts that it "was required to file a [] motion requesting the court to order the clerk [to] issue the certificate of title, as the clerk has no independent authority, except for a court order, to issue the certificate of title once objections to the certificate of sale are filed." (Pl.'s Memo. at 4.) Nationstar cites no authority supporting its assertion. Although it is not entirely clear from the Court's review of the case law, it appears that the court's overruling of the objections itself authorizes the clerk to issue a certificate of title without need for a court order. See Salazar v. HSBC Bank, USA, NA, 158 So. 3d 699, 701

n.2 (Fla. Dist. Ct. App. 2015) ("Rejection of Salazar's objections to the sale should have triggered the ministerial act of filing a certificate of title."); Indian River Farms v. YBF Partners, 777 So. 2d 1096, 1098 (Fla. Dist. Ct. App. 2001) ("[T]he court held their objections legally insufficient and inconsistent for an objection to sale. The clerk of court was therefore authorized to issue a certificate of title to Martin Properties."); but see Maule Indus., Inc. v. Seminole Rock & Sand Co., 91 So. 2d 307, 309 (Fla. 1956) (observing that Florida's statutory scheme "specifies that if objections to the sale are not filed within ten days after filing of the certificate of sale the clerk shall then issue a certificate of title, whereupon the sale shall stand confirmed and title pass[,]" but "does not provide for the procedure to be followed in the event objections are filed[,]" and explaining that, in that case, after overruling objections to the foreclosure sale, the trial court ordered the clerk to issue certificate of title).

Here, Defendant objected to the sale by filing a motion to vacate the judgment and set aside the foreclosure sale. See Aurora Loan Servs., 762 F. App'x at 626. The state trial court entered an order denying the motion, and the Florida Court of Appeals affirmed. Id. Defendant did not seek further review in the Florida Supreme Court. Id. Whether Nationstar was required to move the court to order the clerk to issue a certificate of title is irrelevant, because even assuming it was required to, the Court finds that the motion does not constitute a separate and independent "civil action" for purposes of the federal removal statute, 28 U.S.C. § 1441. Rather, it was part and parcel of the state court foreclosure action not subject to removal. The fact that that Nationstar may not even have been required to

obtain a state court order before the clerk could issue certificate of title confirms that the motion was not an independent civil action.

The cases Defendant cites are inapposite and do not compel a different result. See Resolution Trust Corp. v. Bakker, 51 F.3d 242 (1995); Jackson v. Am. Savings & Mortg. Corp., 924 F.2d 195 (11th Cir. 1991); Maseda v. Honda Motor Co., 861 F.2d 1248, 1252 (11th Cir. 1988). Notably, none of these cases involve a party attempting to remove a single post-judgment motion after exhausting state court appellate remedies.

Defendant relies primarily on Jackson v. American Savings & Mortgage Corp., a case in which an elderly and uneducated woman ("Jackson") executed an arguably unconscionable mortgage in favor of American Savings Mortgage Corporation ("ASMC") that was later purchased by American Savings and Loan Association of Brazoria County, Texas ("ASLA"). 924 F.2d 195, 196 (11th Cir. 1991). Jackson sued ASMC and ASLA in Alabama state court seeking a declaratory judgment that the terms of the mortgage were unconscionable. Id. The Federal Savings & Loan Insurance Corporation ("FSLIC") subsequently became conservator of ASLA. Id. The case went to trial, but midway through, the trial was continued and never resumed. Id. Thereafter, ASLA filed a motion for summary judgment on the ground that it was a holder in due course of the loan. Id. Jackson filed a cross-motion for summary judgment asserting that the mortgage was unconscionable as a matter of law. Id. The state court granted ASLA's motion and denied Jackson's motion. Id. at 197. Upon being notified that FSLIC had become conservator and that counsel for ASLA also represented FSLIC, the state trial court issued an order adding FSLIC as a party defendant. Id. Thereafter, Jackson appealed to the Alabama

Supreme Court and FSLIC removed the action to federal district court. Id. Jackson filed motions to remand with the district court and Eleventh Circuit Court of Appeals, which both courts denied. Id. Jackson then filed an appeal asking the Eleventh Circuit to review the grant of summary judgment in favor of ASLA. Id. The Eleventh Circuit noted that "'a state court judgment in a case removed to federal court does not foreclose subsequent proceedings in the case in federal court.'" Id. at 198 (quoting Maseda, 861 F.2d at 1252). However, it held that it could not review the state court's judgment without the district court first reviewing it, and remanded to the district court. Id. at 199. Significantly, the Eleventh Circuit also recognized that in certain circumstances removal is not proper:

> We need not here address a district court's authority to [dissolve or modify state court orders and injunctions] where a party's opportunities for relief from the state court judgment are exhausted, either because the time for relief by motion or appeal has run, leave to appeal has been denied, or the state's highest court has rendered a judgment. In such a situation, removal itself may be improper. See, e.g., Four Keys Leasing & Maintenance Corp. v. Simithis, 849 F.2d 770, 774 (2d Cir. 1988) (refusing to permit removal after defendant had exhausted his state court remedies); Ristuccia v. Adams, 406 F.2d 1257, 1258 (9th Cir. 1969) (finding that because appellant's motion to reopen judgment had been dismissed by state supreme court, appellants had no case to remove to federal court), cert. denied, 396 U.S. 1, 90 S. Ct. 24, 24 L. Ed. 2d 3 (1969).

Id. at 198 n.8 (emphasis added). This case falls squarely within the category of cases where removal is improper because Defendant exhausted his state court remedies. See Ohio v. Doe, 433 F.3d 502, 507 (6th Cir. 2006) (citing In re Meyerland Co., 910 F.2d 1257, 1266 (5th Cir. 1990); Four Keys Leasing, 849 F.2d at 774).

Defendant cites to Maseda, 861 F.2d at 1252 for the proposition that "a federal district court may dissolve or modify injunctions, orders, and all other proceedings which

have taken place in state court prior to removal." (Def.'s Memo. at 5.) But Maseda is completely off point as it involved prejudgment removal. In that case, the plaintiffs filed a product liability suit in state court against several defendants. 861 F.2d at 1250. One defendant filed a cross-claim against another defendant for indemnity. Id. The plaintiffs then voluntarily dismissed their claims against the cross-claimant which permitted the remaining defendants to remove the case to federal district court. Id. On appeal, the issue before the Eleventh Circuit was "whether the federal district court had subject matter jurisdiction after removal to rule on the cross-claim and therefore properly enjoined the state court from enforcing its subsequent ruling on the cross-claim." Id. The Eleventh Circuit answered in the affirmative. Id. Nothing in Maseda suggests that a post-judgment motion for the issuance of a certificate of title is removable after all state court appellate remedies for setting aside the foreclosure sale have been exhausted. See Jackson. 924 F.2d at 198 n.8 (observing that removal may be improper where a party's opportunities for relief from the state court judgment are exhausted).

Defendant's reliance on Resolution Trust Corp. v. Bakker, 51 F.3d 242 (11th Cir. 1995) is likewise unavailing. In that case, a jury found in favor of the counter-claimants (the "Bakkers") and awarded damages against the plaintiff ("First Federal"). 51 F.3d at 243. The state court set the jury's verdict aside and granted judgment in favor of the First Federal. Id. The Bakkers appealed. Id. While the state appeal was pending, First Federal was declared insolvent and Resolution Trust Corporation ("RTC") was appointed receiver. Id. "Congress has provided for federal jurisdiction for any civil action, suit, or proceeding to which the RTC is a party, 12 U.S.C.A. § 1441a(*l*)(1) (Supp. 1995), and has authorized

the RTC to remove any action, suit, or proceeding from state court to federal district court, 12 U.S.C.A. § 1441a(*l*)(3) (Supp. 1995)." Id. "The RTC exercised that authority and filed notice of removal of the case to federal court the same day it filed the notice of substitution[.]" Id. The Bakkers filed a motion to remand, which the district court denied. Id. The Bakkers later filed a motion asking the federal district court to vacate the state court's judgment. Id. The district court summarily denied the motion and the Bakkers appealed. Id. The Eleventh Circuit held that the motion to vacate was untimely and affirmed. Id. at 246. Nothing in Resolution Trust supports the conclusion that Defendant could have removed Nationstar's Motion to Direct the Clerk to Issue Certificate of Title in accordance with the final judgment and foreclosure sale.

Finally, Defendant's reliance on Owen Equipment & Erection Co. v. Kroger is completely amiss, as that case was filed in federal court and involved issues of ancillary jurisdiction over non-federal claims. 437 U.S. 365, 376-77 (1978).

In sum, the Court finds that Defendant did not intend to remove Nationstar's Motion to Direct the Clerk to Issue Certificate of Title in accordance with the final judgment and foreclosure sale, and even if he had intended to remove the Motion, he could not remove the Motion.

**III. Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that:

**1.** Pursuant to the Mandate of the Eleventh Circuit Court of Appeals, (D.E. 32), this case is **DISMISSED** without prejudice for lack of jurisdiction;

**2.** All pending Motions are **DENIED AS MOOT**; and

**3.** This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 19th day of February, 2020.

Joan A. Lenard

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**